IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION


Robert Austin,                          :

              Plaintiff,        :   Case No.  2:12-cv-983

    v.                          :   JUDGE MICHAEL H. WATSON
                                    Magistrate Judge Kemp
Ohio Governor John Kasich,      :
et al.,
                                :
              Defendants.


### REPORT AND RECOMMENDATION

    Plaintiff, Robert Austin, an inmate currently housed in the
Frazier Health Center at Pickaway Correctional Institution, has
brought this action against several state employees, including
Defendant Ohio Governor John Kasich, in their individual and
official capacities pursuant to 42 U.S.C. § 1983. (Compl. ¶ 30).
Defendant Kasich has filed a motion to dismiss pursuant to Fed.
R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and
Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which
relief can be granted.  Defendant's motion has been fully
briefed.  For the following reasons, it is recommended that the
Court grant the motion to dismiss the Plaintiff's claims against
Defendant Governor Kasich.

I.   The Complaint

    The following allegations are from Mr. Austin's complaint.
Because Mr. Austin is without counsel, his complaint must be
liberally construed.  See Haines v. Kerner, 404 U.S. 519 (1972).

    Mr. Austin alleges that he suffers from certain medical
conditions and injuries, specifically skin ulcers and
polycythemia vera which is a disease affecting the production of
red blood cells.  (Compl. ¶¶ 65-66, 80-81).  Mr. Austin also
alleges that he requires pain management as a result of his

medical conditions.  (Compl. ¶¶ 60-64, 87-90).

Mr. Austin alleges that due to state budget cuts implemented by Defendant Governor Kasich, he and other inmates in Ohio prisons have received inadequate medical care in violation of the Eighth Amendment. (See Compl. ¶¶ 21-22, 95-96). The complaint alleges that Governor Kasich and the other Defendants have developed or maintained policies which exhibit deliberate indifference to Mr. Austin's constitutional rights and that the Defendants have retaliated against Mr. Austin for petitioning the courts. (Compl. ¶ 92, 94).  Finally, Mr. Austin alleges that Defendants' gross negligence led to physical injury and violations of the Eighth and Fourteenth Amendments. (Compl. ¶ 98).

Specifically, Mr. Austin alleges that he has not been provided with proper medical treatment for his polycythemia vera, which includes allegations that his "Green Filter" needs to be replaced.  (Compl. ¶¶ 72-74). He also alleges he has received inadequate treatment for his skin ulcers, resulting in his wounds improperly healing.  Lastly, Mr. Austin alleges that "since Defendant Kasich's cost cutting measures have been implemented by the other Defendants" his pain medication has been reduced. (Compl. ¶ 90). While Mr. Austin does not explicitly allege such, the implication is that he has been receiving an inappropriate level of pain management.  (See Compl. ¶¶ 87-90).

## II.  Standard

### A. Lack of Subject Matter Jurisdiction

Where a motion to dismiss under Fed. R. Civ. P. 12(b)(1) is filed, the plaintiff bears the burden of establishing federal subject matter jurisdiction by a preponderance of the evidence. Ferrero v. Henderson, 244 F. Supp. 2d 821, 826 (S.D. Ohio 2002 (citing McNutt v. General Motors Acceptance Corp. of Ind., 298 U.S. 178, 189 (1936); Rogers v. Stratton Indus., Inc. 798 F.2d

913, 915 (6th Cir. 1986)).

### B. Failure to State a Claim

A 12(b)(6) motion to dismiss is directed solely to the complaint and any exhibits attached to it. Roth Steel Products v. Sharon Steel Corp., 705 F.2d 134, 155 (6th Cir. 1983). The merits of the claims set forth in the complaint are not at issue in a motion to dismiss for failure to state a claim. Consequently, a complaint will be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) only if there is no law to support the claims made, or if the facts alleged are insufficient to state a claim, or if on the face of the complaint there is an insurmountable bar to relief. See Rauch v. Day & Night Mfg. Corp., 576 F.2d 697, 702 (6th Cir. 1978).

When analyzing a claim under a 12(b)(6) motion to dismiss, a court must take all well-pleaded factual allegations as true and construe those allegations most favorably toward the non-movant. Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Gunasekera v. Irwin, 551 F.3d 461, 466 (6th Cir. 2009). Federal Rule of Civil Procedure 8(a) admonishes a court to look only for a "short and plain statement of the claim showing that the pleader is entitled to relief," rather than requiring the pleading of specific facts. Erickson v. Pardus, 551 U.S. 89, 93 (2007). Rule 12(b)(6) must be read in conjunction with Rule 8(a). The moving party is entitled to relief only when the complaint fails to meet this liberal standard. 5A Wright & Miller, Federal Practice and Procedure § 1356 (1990).

On the other hand, more than bare assertions of legal conclusions are required to satisfy the notice pleading standard. Scheid v. Fanny Farmer Candy Shops, Inc., 859 F.2d 434, 436 (6th Cir. 1988). "In practice, a complaint must contain either direct or inferential allegations respecting all the material elements to sustain a recovery under some viable legal theory." Id.

3

(emphasis in original, quotes omitted).

When a court considers a 12(b)(6) motion to dismiss, it "may begin by identifying allegations that, because they are mere conclusions, are not entitled to the assumption of truth." Ashcroft v. Iqbal, 556 U.S. 662, 665 (2009). However, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. To survive a motion to dismiss, a plaintiff's claim "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action" will not suffice. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555. A complaint must be dismissed if it does not plead "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. It is with these standards in mind that the 12(b)(6) motion to dismiss will be decided.

### III.  Discussion

#### A.  Lack of Subject Matter Jurisdiction

Defendant Kasich first seeks dismissal of the official capacity claims against him, under Eleventh Amendment immunity, for lack of subject matter jurisdiction. Mr. Austin argues that Eleventh Amendment immunity does not cover official capacity claims seeking prospective relief against state officials. (Pls.' Resp. in Opposition, Doc. No. 14 at 10).

The Eleventh Amendment bars all suits, whether for injunctive or monetary relief against a state and its departments. Cox v. Kentucky Dept. of Transp., 53 F.3d 146, 152 n.2 (6th Cir. 1995), citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89, 100-01 (1984). And it bars suits for monetary damages against individuals in their official capacities. However, it does not bar suits seeking prospective injunctive or declaratory relief against state officials for

4

constitutional violations. <u>Cox</u>, 53 F. 3d at 152, n.2, <u>citing</u> <u>Thoikol Corp. v. Department of Treasury</u>, 987 F.2d 376 (6th Cir. 1993); <u>Ex Parte Young</u>, 209 U.S. 123 (1908)).[1]

The Supreme Court explained this immunity exception in <u>Ex Parte Young</u>. When a state official acts in violation of the Federal Constitution, he "comes into conflict with the superior authority of that Constitution," and the state does not have the power "to impart to him any immunity from responsibility to the supreme authority of the United States." <u>Ex Parte Young</u>, 209 U.S. at 160. Defendant Governor Kasich does not dispute this as a matter of law, but argues that Mr. Austin has failed to adequately claim prospective declaratory or injunctive relief as to Governor Kasich. (Def's Reply Doc. No. 15 at 2-4).

In determining if the <u>Ex Parte Young</u> exception applies, a court considers whether the complaint "alleges an ongoing violation of federal law and seeks relief properly characterized as prospective." <u>League of Women Voters of Ohio v. Brunner</u>, 548 F.3d 463, 474 (6th Cir. 2008), <u>citing</u> <u>Verizon Md., Inc. v. Public Serv. Comm'n of Md.</u>, 535 U.S. 635, 645 (2002)(internal quotations omitted).

The exception does not, however, extend to any retroactive relief. <u>Quern v. Jordan</u>, 440 U.S. 332, 338 (1979). That is, if a complaint against a state official is "based entirely on past acts and not continuing conduct that, if stopped, would provide a remedy to them, ... it ... does not come under the doctrine of <u>Ex parte Young</u>." <u>Gean v. Hattaway</u>, 330 F.3d 758, 776 (6th Cir. 2003) (dismissing plaintiffs' claim for injunctive relief from state officials after determining their complaint was based entirely on

---

[1] Plaintiffs' Response in Opposition to Defendant Kasich's Motion to Dismiss includes a lengthy discussion of <u>Monell v. Department of Soc. Services of City of N.Y.</u> and municipal liability. 436 U.S. 658 (1978). <u>Monell</u> is not relevant to Mr. Austin's claim because the party at issue, Governor Kasich, is a state government official, not a municipal government official.

past acts).

The test for determining whether the Ex parte Young
exception applies is a "straightforward" one.  Verizon Md., Inc.
v. Public Serv. Comm'n of Md., 535 U.S. 635, 645 (2002). The
court considers "whether [the] complaint alleges an ongoing
violation of federal law and seeks relief properly characterized
as prospective." Id. (alteration in original) (citation omitted);
Dubuc v. Mich. Bd. of Law Exam'rs, 342 F.3d 610, 616 (6th Cir.
2003). The focus of the inquiry remains on the allegations only;
it "does not include an analysis of the merits of the claim."
Verizon, 535 U.S. at 646; Dubuc, 342 F.3d at 616.  Moreover, the
Ex parte Young fiction does not apply unless the officer sued has
"some connection with the enforcement of the act."  Ex parte
Young, 209 U.S. at 157.

In Paragraph 21 of the complaint under the heading "Parties
to the Action," Mr. Austin alleges the following:

> Defendant John Kasich is the Governor of the State
> of Ohio.  In an effort to cut the State of Ohio's
> deficit, Defendant Kasich implemented cost cutting
> measures that are having a direct and detrimental
> effect on the medical care received by all inmates in
> the custody and/or care of Ohio prisons.  He has
> caused, created, authorized, condoned, ratified,
> ordered, approved, and/or knowingly acquiesced in the
> illegal, unconstitutional, and inhumane conditions,
> actions, policies, customs and/or practices alleged in
> this complaint.

In Paragraph 95 under the heading "First Cause of Action (42 USC
§§1983, 1988; First, Eighth and Fourteenth Amendments)," Mr.
Austin further alleges as follows:

> Defendant Kasich, as the Governor of Ohio and in an
> effort to cut the State of Ohio's deficit, implemented
> cost cutting measures that are having a direct and
> detrimental effect on the medical care received by all
> inmates in the custody and/or care of Ohio prisons.

Based on these allegations, Governor Kasich argues that Mr.

Austin's complaint is based entirely on past conduct and
therefore does not fall within the exception outlined in Ex Parte
Young. The Court agrees. "[I]njunctive relief, even prospective
injunctive relief, against state officers named in their official
capacities 'should not be granted if the relief is tantamount to
an award for past violation of federal law, even though styled as
something else.'" Boysen v. Holbrook, 2007 WL 852198, *4 (S.D.
Ohio March 19, 2007) (Marbley, J.), quoting Barton v. Summers,
293 F.3d 944, 949 (6th Cir. 2001).

Mr. Austin simply is not seeking prospective relief against
Governor Kasich here even though his complaint sets forth claims
for injunctive relief. For example, Mr. Austin seeks an
injunction ordering defendants to "immediately cease all forms of
denial of medical care based on costs," implement a
constitutional policy that allows inmates to attend and
participate in the 'collegial review' process," provide any
needed medical care and devices, and "immediately cease use of
the urgent care clinic at Franklin Medical Center." See
Complaint, ¶9, p. 17. However, the Court is required to examine
his claims substantively rather than by the form in which they
appear. Brown v. Strickland, 2010 WL 2629878, *4 (S.D. Ohio June
28, 2010), citing Lawrence v. Welch, 531 F.3d 364 (6th Cir.
2008). The substance of Mr. Austin's claims relates to the
alleged denial of medical treatment in the past which may or may
not have resulted from alleged budget cuts instituted by Governor
Kasich. In order for Mr. Austin to prevail on any claim against
Governor Kasich, the Court would have to issue a declaration that
Governor Kasich's alleged cost cutting measures were taken in
violation of Mr. Austin's Eighth Amendment rights. Only upon
such a finding could the Court conclude that Mr. Austin would be
entitled to any injunctive relief he may be seeking. Stated
another way, Mr. Austin is seeking relief "for a past, one-time

7

decision of the [Governor] that purportedly violated [his] federal constitutional rights."  <u>S & M Brands, Inc.</u>, 527 F.3d 500, 509 (6th Cir. 2008).  This is clearly a request for retrospective relief.  The Eleventh Amendment not only bars retroactive relief where the plaintiff is seeking monetary damages, but all retroactive relief.  <u>Id</u>.

Further, <u>Young</u> only "abrogates a state official's Eleventh Amendment immunity when a suit challenges the constitutionality of a state official's action."  <u>Children's Healthcare is a Legal Duty, Inc. v. Deters</u>, 92 F.3d 1412, 1415 (6th Cir. 1996).  As explained in <u>Brown v. Strickland</u>, 2010 WL 2629878:

> For the <u>Young</u> exception to apply, "the state official sued [must] have 'some connection' with the enforcement of the allegedly unconstitutional Act."  <u>Allied Artists Picture Corp. v. Rhodes</u>, 679 F.2d 656, 665 n. 25 (6th Cir.1982), <u>quoting</u> <u>Ex parte Young</u>, 209 U.S. at 157); <u>Kelley v. Metropolitan County Bd. of Educ.</u>, 836 F.2d 986, 990-91 (6th Cir. 1987) (declining to apply <u>Young</u> when defendants were not threatening to enforce any unconstitutional act).  Courts have not read Young expansively.  <u>See</u> <u>Pennhurst State School & Hosp. v. Halderman</u>, 465 U.S. 89, 102, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984). ("While the rule permitting suits alleging conduct contrary to 'the supreme authority of the United States' has survived, the theory of Young has not been provided an expansive interpretation.").  Furthermore, the Sixth Circuit has expressly held that the phrase " 'some connection with the enforcement of the act' does not diminish the requirement that the official threaten and be about to commence proceedings."  <u>Children's Healthcare is a Legal Duty, Inc.</u>, 92 F.3d at 1416, <u>citing</u> <u>Ex parte Young</u>, 209 U.S. at 155-56).

<u>Id</u>. at *3.  In this case, to the extent that the complaint could be read as seeking injunctive relief against Governor Kasich, Mr. Austin has not alleged that Governor Kasich has any responsibility for the enforcement of any law or policy relating to the provision of medical care for Ohio prison inmates.

For all of these reasons, the Court will grant Governor

Kasich's motion to dismiss as it relates to any claims for
monetary, declaratory, or injunctive relief against Governor
Kasich in his official capacity.

B.  <u>Failure to State a Claim</u>

Defendant Governor Kasich also moves to dismiss Mr. Austin's
complaint for failure to state a claim upon which relief can be
granted.  As explained below, all of Mr. Austin's claims against
Governor Kasich in his personal capacity must be dismissed
pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a
claim.

*Respondeat superior* cannot be the basis of a § 1983 claim.
<u>Grinter v. Knight</u>, 532 F.3d 567, 575 (6th Cir. 2008). Rather,
proof of personal involvement in unconstitutional activity is
required for a supervisor, such as Governor Kasich, to acquire
personal liability. <u>Id</u>. A § 1983 plaintiff must at least show
that a supervisory official implicitly authorized, approved or
knowingly acquiesced in the unconstitutional conduct of his
subordinate. <u>Id</u>. Mr. Austin's claims against Governor Kasich are
either legal conclusions or do not allege direct involvement in
constitutional violations. Therefore, they must be dismissed for
failure to state a claim upon with relief can be granted.

Mr. Austin essentially makes four types of allegations
against Governor Kasich in his complaint. First, he states,
"Defendant Kasich implemented cost cutting measures that are
having a direct and detrimental effect on the medical care
received by all inmates in the custody or care of Ohio prisons."
(Compl. ¶ 21; <u>See also</u> ¶¶ 90, 95 (containing similar
statements)).  Even construed liberally, these statements only
allege indirect involvement and cannot survive a motion to
dismiss.  <u>Grinter</u>, 532 F.3d at 575. Mr. Austin provides no facts,
taken as true, which meet the minimum requirement of showing
Governor Kasich implicitly authorized, approved, or knowingly

9

acquiesced in unconstitutional conduct of prison officials. Id. Furthermore, this Court has dismissed similar claims. It dismissed a § 1983 claim against Governor Kasich which was based solely on the fact that he signed budget cuts into law. Depew v. Krisher, S.D. Ohio No. 2:12-cv-250, adopted in 2012 WL 2890978 (July 16, 2012)(Marbley, J.). This Court also dismissed a § 1983 claim against former Ohio Governor Strickland which alleged that budget cuts led to prison overcrowding in violation of the Eighth Amendment. Davis v. Strickland, S.D. Ohio No. 2:09-cv-015, adopted in 2012 WL 2998980 (Sept. 15, 2009) (Frost, J.).

Second, Mr. Austin alleges that Governor Kasich "has caused, created, authorized, condoned, ratified, ordered, approved and/or knowingly acquiesced in the illegal, unconstitutional, and inhumane conditions, actions, policies, customs, and/or practices alleged in this complaint." (Compl. ¶ 21). This is a conclusory statement that is not supported by any factual allegations. It therefore cannot survive a 12(b)(6) motion to dismiss. Iqbal, 556 U.S. at 664; Twombly, 550 U.S. at 555, 567.

Third, Mr. Austin states that Governor Kasich and other named defendants "developed and/or maintained conditions, actions, policies, customs and/or practices exhibiting deliberate indifference to the constitutional rights of the plaintiffs and other inmates in the custody and/or care of Ohio prisons." (Compl. ¶ 92). This, too, is a mere legal conclusion and cannot survive a motion to dismiss. Iqbal, 556 U.S. at 664; Twombly, 550 U.S. at 555, 567.

Fourth, Mr. Austin makes a very general allegation of retaliation. "Defendants have and/or will retaliate against the Plaintiffs and others for exercising their right to petition the courts for redress of injuries." (Compl. ¶ 94). Again, this is a mere legal conclusion and cannot survive a motion to dismiss. Iqbal, 556 U.S. at 664; Twombly, 550 U.S. at 555, 567.

There are no factual allegations in Mr. Austin's complaint of direct involvement by Governor Kasich. Therefore, all of Mr. Austin's claims against Governor Kasich must be **DISMISSED** pursuant to Fed. R. Civ. P. 12(b)(6).

### IV. Recommended Order

It is therefore recommended that Defendant Governor Kasich's Motion to Dismiss (Doc. No. 12) be granted and that Governor Kasich be dismissed from this action.

### V. Procedure on Objections

If any party objects to this Report and Recommendation, that party may, within fourteen days of the date of this Report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation de novo, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation. See Thomas v. Arn, 474 U.S. 140 (1985); United States v. Walters, 638 F.2d 947 (6th Cir. 1981).


/s/ Terence P. Kemp
United States Magistrate Judge

11